THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE STILLAGUAMISH TRIBE OF
INDIANS,
                Plaintiff,

v.

DAVID L. NELSON, et al.

                Defendants.

CASE NO. C10-327 RAJ

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT SARA
SCHROEDL'S MOTION FOR
SUMMARY JUDGMENT

This matter comes before the court on defendant Sara Schroedl's motion for summary judgment. Dkt. # 150. Schroedl filed her motion on October 4, 2011. Plaintiff The Stillaguamish Tribe of Indians (the "Tribe") requested a continuance pursuant to Fed. R. Civ. P. 56(d) to allow the Tribe to conduct additional fact discovery with respect to the alleged lost tax revenue. Dkt. # 161 at 8-11. On January 5, 2012, the court granted in part the Tribe's request for a continuance pursuant to Rule 56(d), and ordered the Tribe to confirm whether it would withdraw its theory of damages based on lost tax revenue. Dkt. # 175. On January 13, 2012, the Tribe abandoned its damages theory of lost tax revenue for its violation of, and conspiracy to violate, the Racketeer Corrupt and Influenced Organizations Act ("RICO") claims. Dkt. # 177 at 3. On February 10, 2012, the court granted in part the Tribe's motion to file a Third Amended Complaint to allege

usurpation of corporate authority as a damages theory and a separate cause of action. Dkt. # 188. The Tribe filed its Third Amended Complaint ("TAC") on February 15, 2012.[1] Dkt. # 190. In the TAC, the Tribe alleges the following claims against Schroedl: (1) Violation of RICO (first cause of action); (2) conspiracy to violate RICO (second cause of action); (3) violation of the Washington Criminal Profiteering Act (fifth cause of action); (4) civil conspiracy (tenth cause of action) (5) unjust enrichment (eleventh cause of action); and (6) usurpation of corporate opportunity (thirteenth cause of action). *Id.* The court notes that Schroedl is now proceeding *pro se* because the court granted her counsel's motion to withdraw on March 19, 2012. Dkt. # 204. The court will now address the merits of Schroedl's motion for summary judgment.

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.[2] Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby,*

---

[1] Schroedl filed her motion when the "second" amended complaint (Dkt. # 86) was the operative pleading. The only difference between the "second" amended complaint and the "first" amended complaint (Dkt. #73) was a correction to the name of one of the corporate defendants.

[2] The court notes that the parties seem to have confused the standard on summary judgment with the standard on a motion to dismiss. Allegations in a complaint are not evidence.

*Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

Schroedl argues that she is entitled to summary judgment because: (1) the Tribe does not have standing to file a RICO claim against Schroedl; (2) the Tribe's claim for violation of the State Criminal Profiteering Act must be dismissed as a matter of law; and (3) the Tribe's first, second and fifth causes of action are barred by federal forfeiture law and must be dismissed for failure to establish compensable damages.[3] Dkt. # 150. The court will address each argument in turn.

**1.  RICO Standing**

Schroedl has identified the issue presented to the court as "whether, for purposes of [the Tribe's] RICO conspiracy claim based on the alleged failure to pay Tribal taxes, the Tribe as a person has legal standing to pursue that claim in a RICO cause of action." Dkt. # 165 at 4. However, the Tribe has abandoned its damages theory based on loss of tax revenue. The only damages theory that remains on the Tribe's RICO claims is usurpation of corporate opportunity. Dkt. # 190 (TAC) ¶¶ 4.8, 5.8. Accordingly, Schroedl's arguments in support of RICO standing are now moot.

**2.  Washington Criminal Profiteering Act**

Schroedl argues that the fifth cause of action should be dismissed because "1) the alleged violation of the State criminal profiteering act fails to state a claim upon which relief can be granted; 2) The Tribe lacks standing to pursue its claim against Sara Schroedl; and 3) if the Court grants dismissal of the Federal RICO claim this Court should decline to exercise pendant or supplemental jurisdiction over such State law

---

[3] This motion may be decided on the papers submitted. Accordingly, the court DENIES Schroedl's request for oral argument.

claims."[4] Dkt. # 150 at 10. Schroedl argues that the Tribe is not a "person" pursuant to Washington State law, and therefore has no standing to sue under RCW 9A.82.100.

RCW 9A.82.100 provides in relevant part:

> A person who sustains injury to his or her person, business, or property by an act of criminal profiteering that is part of a pattern of criminal profiteering activity, or by an offense defined in RCW 9A.40.100, 9.68A.100, 9.68A.101, or 9A.88.070, or by a violation of RCW 9A.82.060 or 9A.82.080 may file an action in superior court for the recovery of damages and the costs of the suit, including reasonable investigative and attorney's fees.

RCW 9A.82.100(1)(a) (amended 2012). For purposes of Title 9A, "person" is defined to include "any natural person and, where relevant, a corporation, joint stock association, or an unincorporated association." RCW 9A.04.110(17). The parties do not cite to, and the court is unaware of, any authority interpreting RCW 9A.04.110(17) to include any tribe, sovereign, or governmental entity.

However, the Washington Supreme Court has interpreted a provision of the Consumer Protection Act ("CPA") with a similar definition of "person." *Wash. Natural Gas Co. v. Pub. Util. Dist. No. 1*, 77 Wash. 2d 94, 98, 459 P.2d 633 (1969); *see also Ottgen v. Clover Park Technical College*, 84 Wash. App. 214, 221, 928 P.2d 1119 (1996). The CPA defines "person" as including "'natural persons, corporations, trusts, unincorporated associations and partnerships.'" *Id.* (quoting RCW 19.86.010). The Washington Supreme Court reasoned that municipal corporations or political subdivisions of the State were not included within the definition of persons subject to the CPA. *Id.* "Where a statute specifically designated the things or classes of things upon which it operates, an inference arises in law that all things or classes of things omitted from it were intentionally omitted by the legislature." *Id.* Under federal law, Indian

---

[4] This is a motion for summary judgment, not a 12(b)(6) motion to dismiss. Additionally, the court did not grant her motion with respect to the RICO claims. Accordingly, the court has disregarded Schroedl's first and third arguments.

tribes are treated as legal entities distinct from corporations and unincorporated associations. *See Am. Vantage Companies, Inc. v. Table Mountain Rancheria*, 292 F.3d 1091, 1100 n.10 (9th Cir. 2002).

This court applies the reasoning in *Washington Natural Gas*, and finds that the Tribe is not included within the term "person" as defined in RCW 9A.04.110(17). The Tribe argues that the Stillaguamish Tribal Enterprise Corporation ("STECO"), which is a Tribally-chartered economic development arm of the Tribe, is part of the Tribe, and therefore the Tribe is a corporation within the meaning of "person." However, the Charter of STECO makes clear that "STECO is a distinct corporate enterprise of the Tribe, separate and distinct from the Tribe." Dkt. # 163-5 at 3 (Ex. E to Mesher Decl. ¶ 2.2). STECO is not a named plaintiff. Additionally, section 1.1 provides that "the State of Washington shall have no regulatory or taxing jurisdiction over the property or activities of tribally-chartered corporations as a result of the Tribe's adoption of the Washington Model Business Corporation Act as Tribal Law." *Id.* at 2, ¶ 1.1. Given that STECO is a completely distinct corporate enterprise from the Tribe, and that STECO is not subject to the regulatory and taxation laws of the State of Washington, the court finds the Tribe's argument without merit.

Accordingly, the court GRANTS Schroedl's motion for summary judgment with respect to the Washington Criminal Profiteering Act.

**3. Federal Forfeiture and/or Failure to Establish Compensable Damages**

Schroedl's arguments are based on the Tribes' claims for lost tax revenue in the second amended complaint. The Tribe no longer alleges lost tax revenue as a damages theory to support its RICO and conspiracy to violate RICO claims. *See* Dkt. # 190 (TAC) ¶¶ 4.8, 5.8. Accordingly, Schroedl's arguments regarding federal forfeiture and failure to establish compensable damages are moot.

### 4. Conclusion

For all the foregoing reasons, the court GRANTS in part and DENIES in part Schroedl's motion for summary judgment. The Tribe's claim for violation of Washington Criminal Profiteering Act is DISMISSED as to Schroedl. The Clerk of Court is ORDERED to mail a copy of this order to defendant Schroedl.

Dated this 2nd day of May, 2012.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge