THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE STILLAGUAMISH TRIBE OF INDIANS,<br><br>              Plaintiff,<br>    v.<br><br>DAVID L. NELSON, et al.,<br><br>              Defendants. | CASE NO. C10-327RAJ<br><br>ORDER GRANTING IN PART DEFENDANT TOM ASHLEY'S MOTION FOR PROTECTIVE ORDER |

    This matter comes before the court on defendant Tom Ashley's motion for protective order striking 332 requests for admissions ("RFA") served by plaintiff The Stillaguamish Tribe of Indians (Dkt. # 243), and motions to seal filed by both parties (Dkt. # 242, # 253).

**A. Motions to Seal**

    Defendant and plaintiff have filed motions to seal.  Dkt. # 242, # 253.  The court will address each in turn.

    Defendant argues that "[t]he Declaration of Robert J. Wayne contains as exhibits 1) a settlement letter and 2) Requests for Admissions containing the names of alleged

patients of a methadone treatment clinic.[1] The Court has previously entered an order requiring that the confidentiality of those records be preserved. By sealing the Declaration and exhibits the Court will be protecting important privacy concerns." Dkt. # 242.

Defendant's motion is deficient for several reasons. First, defendant has failed to provide a declaration with the facts supporting the motion. Local Rules W.D. Wash. CR 5(g)(4). Second, defendant has failed to attempt to redact sensitive information first, rather than seeking to file the entire document under seal. *Id.* 5(g)(3). Third, defendant seeks to file documents under seal that do not contain confidential patient names. Fourth, the court has not entered a protective order declaring "settlement letters" as confidential. The court has previously entered a protective order governing the confidentiality of patient records in methadone clinics during discovery. Dkt. # 206. Defendant has not provided the court with any legal or factual authority why counsel's declaration, the meet and confer letter, or the settlement letter should be sealed. Defendant has not demonstrated that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review. Accordingly, the court will unseal these documents on June 5, 2012.[2] Dkt. # 245, 245-1, 245-2. Defendant has until June 5, 2012 to file a notice of withdrawal if he wishes to withdraw the settlement letter from the record. In the interests of time and efficiency, the court will keep Dkt. # 245-3 under seal. However, in future filings, the parties must redact portions of filings

---

[1] The court has reviewed the settlement letter, and notes that it does not identify any individuals as patients of methadone clinics. The court is concerned about the casual nature of seemingly inaccurate statements made to the court by both parties. There is a difference between zealous advocacy and misrepresentations to the court, and the parties are walking a fine line. The court has given the parties the benefit of the doubt here. It may not do so in the future.

[2] The court acknowledges that counsel for defendant is unavailable from May 18 to May 31, 2012, and that plaintiff's counsel is unavailable until May 23, 2012. Dkt. # 215, # 260. The court has attempted to accommodate counsel's schedule in setting deadlines in this order.

| | |
|---|---|
| 1 | that may be redacted, rather than file the entire document under seal, where such |
| 2 | redactions are feasible. |
| 3 | Plaintiff argues that the declaration of Mr. Baker contains the RFA as an exhibit, |
| 4 | which contains the names of alleged patients of a methadone treatment clinic.  Dkt. # |
| 5 | 253.  Mr. Baker has supported his motion with a declaration pursuant to the local rules. |
| 6 | However, plaintiff's motion suffers from similar defects to defendant's motion because it |
| 7 | seeks to seal documents that do not contain names of the alleged patients of a methadone |
| 8 | treatment clinic.  Plaintiff filed the declaration and accompanying exhibits as one docket |
| 9 | entry, and the court cannot selectively unseal portions of one docket entry.  Accordingly, |
| 10 | plaintiff is ORDERED to re-file the Baker Declaration, and Exhibits B and C by May 29, |
| 11 | 2012.  The court will keep Dkt. # 252 under seal for purposes of preserving the names of |
| 12 | patients that appear in the RFAs, which is attached as Exhibit A to the Baker declaration. |
| 13 | Accordingly, the court GRANTS in part and DENIES in part the parties' motions |
| 14 | to seal. |

**B.  Motion for Protective Order**

| | |
|---|---|
| 16 | On April 11, 2012, plaintiff served Mr. Ashley with its first set of requests for |
| 17 | admissions that included 332 RFAs.  Plaintiff characterizes the 332 RFAs as the same |
| 18 | five questions for sixty-six clinic patients who have incorrect entries for pro bono |
| 19 | services.  Dkt. # 251 at 3.  On April 13, 2012, counsel for the parties met and conferred. |
| 20 | Dkt. # 245 (Wayne Decl.) ¶ 2, Ex. A.  Defendant objected to the number of requests as |
| 21 | oppressive, because defendant has limited resources, counsel is a sole practitioner, and |
| 22 | the time required to answer so many requests would be considerable.  *Id.*, Ex. A. |
| 23 | Defendant also objected to the requests because the matters requested were not within his |
| 24 | personal knowledge.  *Id.* |
| 25 | Plaintiff only offered one "compromise":  to have defendant respond to the first |
| 26 | seven requests, and then simply respond that the rest would be the same.  *Id.*  This alleged |
| 27 | "compromise" is nothing more than a demand to answer all RFAs as worded, because |

defendant would still be required to satisfy his obligations under Federal Rules of Civil Procedure 11 and 36.  In response, defendant suggested that plaintiff "consider propounding a simpler request along the lines of 'Did you misappropriate money from Plaintiff by altering the patient records.'"  *Id.*  Plaintiff rejected this offer.  *Id.*  Plaintiff has characterized this offer as an offer of only responding to a single RFA.  Plaintiff's characterization is not entirely accurate.  Regardless, plaintiff offered no other compromise, and instead indicated that the matter would have to be decided by the court.  *Id.*  Plaintiff has not contested the accuracy of any statement made in the April 13, 2012 letter that summarized the meet and confer conference.  Rather, plaintiff argues that the motion was filed prematurely.  However, plaintiff does not dispute that plaintiff's counsel told defendant that the court would have to resolve the dispute.  Defendant was left with no other option but to file the motion for relief.

On April 23, 2012, defendant filed this motion.  On April 29, 2012, plaintiff offered to narrow the 332 RFAs to three.  Dkt. # 252 at 89 (Ex. B to Baker Decl.).  In response, defendant "agreed to the reduction to 3 requests for admissions" and requested that plaintiff reimburse defendant for the fees incurred in bringing the motion.  *Id.* at 91 (Ex. C to Baker Decl.).  Plaintiff then characterized defendant's response as a refusal to agree and indicated that it would not agree to pay the costs related to the motion or reply.  *Id.*  Plaintiff's characterization of defendant's response is inaccurate.  Defendant did agree to the three RFAs.  Defendant also indicated that in reply, he would simply ask the court to award costs of bringing the motion.  *Id.*  Given that the parties agreed to the three RFAs, the only issue that should be before the court is attorney's fees.  Significant resources of the parties and the court could have been saved, and plaintiff would have received responses on May 18, 2012.

The court GRANTS defendant's motion for protective order in part, and ORDERS defendant to respond to the three RFA's to which he agreed to respond by June 8, 2012.  In his reply, defendant seeks attorney's fees incurred in bringing the motion and reply.

1  Dkt. # 258.  Plaintiff has not had an opportunity to respond.  The court ORDERS plaintiff
2  to SHOW CAUSE why attorney's fees should not be granted to defendant incurred in
3  bringing the motion for protective order and reply no later than June 8, 2012.

4  **C.  Conclusion**

5       For all the foregoing reasons, the court GRANTS in part and DENIES in part the
6  parties' motions to seal.  Dkt. # 242, # 253.  Defendant has until June 5, 2012 to file a
7  notice of withdrawal if he wishes to withdraw the settlement letter from the record.  The
8  clerk is ORDERED to re-note defendant's motion to seal to June 5, 2012.  Dkt. # 242.
9  Plaintiff is ORDERED to re-file the Baker Declaration, and Exhibits B and C by May 29,
10 2012.  The court will keep Dkt. # 252 under seal for purposes of preserving the names of
11 patients that appear in the RFAs as Exhibit A.

12      The court also GRANTS defendant's motion for protective order in part, and
13 ORDERS defendant to respond to the three RFA's to which he agreed to respond by June
14 8, 2012.  Dkt. # 243.  The court ORDERS plaintiff to SHOW CAUSE by June 8, 2012
15 why attorney's fees incurred in bringing the motion for protective order and reply should
16 not be granted to defendant.  The court also ORDERS plaintiff and defendant to meet and
17 confer regarding the reasonableness of the fees incurred by June 4, 2012, and ORDERS
18 plaintiff to advise the court in its response to the court's order to show cause whether
19 there is a dispute as to the reasonableness of the fees incurred.

21      Dated this 21st day of May, 2012.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER GRANTING IN PART DEFENDANT TOM ASHLEY'S MOTION FOR PROTECTIVE ORDER- 5