THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE STILLAGUAMISH TRIBE OF INDIANS,<br><br>Plaintiff,<br>v.<br><br>DAVID L. NELSON, et al.,<br><br>Defendants. | CASE NO. C10-327RAJ<br><br>ORDER GRANTING IN PART AND DENYING IN PART NELSON DEFENDANTS' MOTION TO COMPEL |

This matter comes before the court on the Nelson defendants' motion to compel discovery. Dkt. # 248. On March 10, 2012, the Nelson defendants served their second discovery requests on plaintiff. On April 11, 2012, plaintiff The Stillaguamish Tribe of Indians responded to the discovery. On April 26, 2012, counsel for the Nelson defendants, Andrew Shafer, left a voice mail for counsel for plaintiff at approximately 11 a.m., and sent two e-mails[1] at 12:57 p.m. and 1:22 p.m. to discuss plaintiff's responses. Dkt. #249 (Shafer Decl.) ¶ 4, Ex. C; # 265 (Supp. Shafer Decl.) ¶ 2, Ex. 1. Mr. Shafer

---

[1] The first e-mail states: "I will call you today at 3 p.m. pursuant to LR 37(g) to discuss STOI's responses to Nelson's Second discovery requests." Dkt. # 265-1 (Ex. 1 to Supp. Shafer Decl.). The second email provides a substantive discussion, and reiterates the 3 p.m. call. Dkt. # 265-2 (Ex. 2 to Supp. Shafer Decl.).

ORDER GRANTING IN PART AND DENYING IN PART NELSON DEFENDANTS' MOTION TO COMPEL-
1

attempted to set up a conference call for 3:00 p.m. the same day, but when he called, plaintiff's counsel was not available. Dkt. # 249 (Shafer Decl.) ¶ 5. Mr. Shafer explains that he had to file the motion to compel on April 26, 2012 to have it properly noted before the close of discovery. *Id.* ¶ 6. Mr. Shafer also explains that because of trial preparation in another case, he did not have time to focus on plaintiff's responses until the morning of April 26, 2012. *Id.* ¶ 7. The Nelson defendants filed the motion to compel on April 26, 2012. On May 3, 2012, the parties held a substantive discussion regarding the motion to compel. Dkt. # 265 (Supp. Shafer Decl.) ¶ 5, Ex. 3. This substantive discussion resolved some of the issues addressed in the motion. Dkt. # 265-3 (Ex. 3 to Supp. Shafer Decl.). Plaintiff filed its opposition on May 7, 2012, but did not alert the court to the substantive discussion that narrowed some of the issues. Dkt. # 262. The Nelson Defendants filed their reply on May 11, 2012, and narrowed the issues before the court. Dkt. # 264. After narrowing the issues, the Nelson defendants now seek an order to compel responses to interrogatory 16, and requests for production ("RFP") 29-32, 35-38, 41-42 and 54-55. Additionally, both parties have moved for sanctions.

**A. Sanctions**

    1. <u>Nelson Defendants</u>

The Nelson defendants seek sanctions against plaintiff pursuant to Fed. R. Civ. P. 37(b)(2) (Dkt. #248 (Mot.) at 9) and 37(c)(1) (Dkt. # 264 (Reply) at 7). In order to impose sanctions pursuant to Rule 37(b)(2), there must be a failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2). The Nelson defendants point to a prior discovery order on their first set of discovery requests. However, plaintiff complied with that order, and that order is not relevant to the Nelson defendants' second discovery requests.[2] The Nelson defendants raise Rule 37(c)(1) for the first time in reply, and plaintiff has not had

---

[2] The Nelson defendants' motion for sanctions is also denied because the court finds that the Nelson defendants did not meet and confer in good faith. Fed. R. Civ. P. 37(a)(5).

an opportunity to respond.  Nevertheless, the court finds it inappropriate to issue sanctions pursuant to Rule 37(c)(1) at this time, because the Nelson defendants have not provided any evidence that responsive documents have been withheld.  The Nelson defendants' inability to find documents is not evidence that plaintiff failed to produce the documents.  As long as plaintiff produced documents as they are kept in the usual course of business, there is no requirement to organize and label them to correspond to the categories in the request.  *See* Fed. R. Civ. P. 34(b)(E)(i) & (ii).  The court notes that plaintiff's responses do not state whether documents were produced as they were kept in the regular course of business.  Dkt. # 263-1 (Ex. A to Baker Decl.).  For the RFPs at issue (29-32, 35-38, 54-55), plaintiff must supplement its response and state whether the documents were produced as kept in the usual course of business.  If the documents were not produced as kept in the usual course of business, plaintiff must identify by bates-stamp number all responsive documents.

    2. <u>Stillaguamish</u>

Plaintiff moves the court for sanctions in its opposition because the Nelson defendants filed the discovery motion before they met and conferred.  Dkt. # 262 at 11.  The Nelson defendants had an opportunity to respond in their reply.

Before filing a motion to compel discovery, the moving party must certify that he or she has "in good faith conferred or attempted to confer with" opposing party.  Fed. R. Civ. P. 37.  Local Civil Rule 37 provides that a good faith effort to confer requires a face-to-face meeting or telephone conference, and that a party who fails to meet and confer in good faith may be subject to sanctions as provided in General Local Rule 3.  Local Rules W.D. Wash. CR 37(a)(1)(A).  General Rule 3 provides:  "An attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, or these rules, or orders of the court . . . may, in addition to, or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to

ORDER GRANTING IN PART AND DENYING IN PART NELSON DEFENDANTS' MOTION TO COMPEL- 3

satisfy personally such excess costs, and may be subject to such other sanctions as the court may deem appropriate." *Id.* GR 3(d). On April 13, 2012, the court warned the parties: "The court expects counsel to treat each other with professional courtesy. The court also expects the parties to read and abide by the Federal Rules of Civil Procedure and the Local Civil Rules, <u>including meet and confer requirements</u>. The parties are on notice that future violations of the court rules may result in sanctions." Dkt. # 231 (emphasis added).

The court acknowledges counsel's busy schedule. However, Mr. Shafer has been aware of this court's discovery deadlines since August 4, 2011. Dkt. # 131. While counsel attempted to meet and confer the same day it filed the motion, the court cannot conclude that it was a good faith effort. Counsel's busy schedule does not justify violating the Federal Rules of Civil Procedure, Local Rules, or this court's prior order. Given that counsel's failure to meet and confer in good faith was caused by counsel's own delay in reviewing the responses, the court finds it appropriate to sanction Mr. Shafer, rather than his client.

Accordingly, the court ORDERS Mr. Shafer to pay $1,500 to plaintiff for violating the Federal Rules of Civil Procedure, Local Rules, and the court's prior order.

**B. Interrogatory 16**

Interrogatory 16 states: "Itemize all damages which you contend Nelson caused by virtue of any of Nelson's activities in connection with claims 1 through 6 as set forth in STOI's Third Amended Complaint." Dkt. # 249-1 at 7 (Ex. A to Shafer Decl.). Plaintiff responded: "the Tribe's current estimation of its damages is set forth in the expert reports accompanying Plaintiff's Expert Witness Disclosure, dated March 14, 2012. The Tribe's investigation and discovery regarding the damages caused by Nelson remains ongoing, and the Tribe will supplement its response to this Interrogatory as appropriate under the Federal Rules." *Id.*

Plaintiff argues that the comprehensive reports analyze its damages, and that the issue is premature in light of the fact that the depositions of Nelson and Chapman have not taken place. While the expert reports have been identified, it is unclear to the court and to the Nelson defendants whether the expert reports provide the universe of damages information (minus any information that may be received from the depositions of Nelson and Chapman). Plaintiff must supplement its response no later than July 6, 2012 to state whether the estimation of damages is set forth entirely in the expert reports. If there are additional sources, it must state what those sources are.

## C. RFPs 29-32, 35-38, 41-42, 54-55

Plaintiff's response to each of these RFPs is the same: "In accordance with the Civil Rules, the Tribe has previously made its initial disclosures and produced documents responsive to Defendants' discovery requests, and the Tribe may rely on such disclosures and documents at trial. The Tribe will supplement its disclosures and document productions as appropriate under the Civil Rules, and will submit its trial exhibits in accordance with the Court's Scheduling Order (Dkt. 131)." Dkt. # 249-1 (Ex. A to Shafer Decl.) at 10. However, it is unclear whether **all** responsive documents have been produced. Additionally, it is unclear how the depositions of the Nelson and Chapman defendants affect whether plaintiff has produced all responsive documents in its control.

Plaintiff must supplement its responses to state whether all responsive documents have been produced for each of these RFPs no later than July 6, 2012.

## D. Conclusion

For all the foregoing reasons, the court GRANTS in part and DENIES in part the Nelson defendants' motion to compel. Dkt. # 248. The court also DENIES the Nelson defendants' request for sanctions, and GRANTS plaintiff's request for sanctions. Mr. Shafer is ORDERED to pay $1,500 to plaintiff no later than June 15, 2012 for violating the Federal Rules of Civil Procedure, Local Rules, and the court's prior order.

1     Plaintiff must serve supplemental responses as follows:

2     <u>RFPs 29-32, 35-38, 41-42, 54-55</u>:

3     No later than July 6, 2012, plaintiff must supplement its response and state whether the documents were produced as kept in the usual course of business.  If the documents were not produced as kept in the usual course of business, plaintiff must identify by bates-stamp number all responsive documents.  Plaintiff must also state whether all responsive documents have been produced.  The court reserves the right to exclude any late-produced documents on a properly noted motion *in limine*, depending on the circumstances.

    <u>Interrogatory 16:</u>

    Plaintiff must supplement its response no later than July 6, 2012 to state whether the estimation of damages is set forth entirely in the expert reports.  If there are additional sources, it must state what those sources are.

    Dated this 21st day of May, 2012.

*/s/ Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART NELSON DEFENDANTS' MOTION TO COMPEL- 6